UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV1367 AGF |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. For the reasons set forth below, the petition will be denied.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**The Petition**

Petitioner brings this petition to challenge the decision of the Missouri Board of Probation and Parole (the "Board") to deny him parole.  The Board made the decision on December 29, 2005.  For its reasons denying parole, the Board stated:

> Release at this time would depreciate the seriousness of the present offense based on the following:
> A. Circumstances surrounding the present offense.
> B. Use of a weapon.

Petitioner's petition states two grounds for relief:

1. The Board erred because it did not provide Petitioner with a written statement of its decision not to grant him parole.

2.	The Board erred because it went beyond the guidelines and relied on false information from an uncharged crime.

Respondent argues that the petition should be dismissed because it is untimely and because it has no merit.

**Discussion**

1.	The Petition is Time-Barred

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Respondent argues that this is the date the Board issued its decision, i.e., December 29, 2005. Petitioner has submitted a letter that he sent to the Board that indicates that he did not receive notice of the Board's decision until January 24, 2006. Respondent has not provided the Court with any indication that Petitioner received notice of the Board's decision before January 24, 2006. As a result, the Court will assume, for purposes of its calculations, that the statute of limitations began to run on January 24, 2006.

Beginning on January 24, 2006, the limitations period ran for 201 days until Petitioner filed a state habeas proceeding in the Mississippi County Circuit Court on August 14, 2006. The Court will assume the statute was tolled under § 2244(d)(2) until the circuit court denied his petition on September 18, 2006. See Rogers v. Bowersox, No. 4:05CV2051 DDN, 2008

WL 4790344, at *10 (E.D. Mo. Oct. 31, 2008).[2]  On this date, 164 days remained in the limitations period.

The statute then ran for 41 days until Petitioner filed a state habeas petition in the Missouri Court of Appeals on October 30, 2006.  The statute was tolled under §2244(d)(2) until the appellate court denied the petition on October 31, 2006.  On this date, 123 days remained in the limitations period.

The statute then ran for 50 days until Petitioner filed a state habeas petition in the Missouri Supreme Court on December 20, 2006.  The statute was tolled under §2244(d)(2) until the Missouri Supreme Court denied the petition on January 30, 2007.  On this date, 73 days remained in the limitations period.

The limitations period expired on approximately April 13, 2007.  Petitioner did not place the instant petition in the prison mail system until July 19, 2007, which is well after the limitations period expired.

The limitations period contained in § 2244(d)(1) is a statute of limitations rather than a jurisdictional bar, and equitable tolling is available under certain circumstances.  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).  However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Id.

---

[2]  But see, Thomas v. McGuire, No. 4:06CV1313 MLM, 2007 WL 1531319, at *4-5 (E.D. Mo. May 22, 2009) (suggesting that the filing of a Missouri state habeas application under Rule 91 may not toll the federal one-year limitations period when the application asserts non-cognizable claims).

Petitioner argues that he is entitled to equitable tolling because he was housed in administrative segregation during the entire limitations period. Petitioner claims that while he was in administrative segregation he was entirely dependent on prison staff and other inmates to bring him the materials he needed to draft his petitions. Petitioner maintains that this presents an extraordinary circumstance beyond his control.

As presented by Petitioner, the circumstances surrounding Petitioner during his confinement to administrative segregation do not present "extraordinary circumstances" such that equitable tolling is justified. Petitioner has not shown that it was impossible to file his federal habeas petition in a timely fashion. And Petitioner was able to draft and file three state habeas proceedings during the limitations period. See Finch v. Miller, 491 F.3d 424, 429 (8th Cir) (finding equitable tolling not appropriate where petitioner filed three post conviction applications, mainly untimely). As a result, the Court finds that the instant petition is barred by § 2244(d)(1)'s one-year period of limitations.

    2.    The Petition is without Merit

        A.    Ground One

Even if the petition were not time-barred, Petitioner would still not be entitled to relief. In Ground One of his petition, Petitioner argues that the Board erred because it did not provide Petitioner with a written statement of its decision not to grant him parole. In this ground, Petitioner appears to be complaining about a previous decision of the Board, dated January 12, 2004. This is legally frivolous because Petitioner may not attack two separate decisions of the Board in a single habeas petition. Additionally, Petitioner has admitted that

he received a written statement from the Board regarding its December 29, 2005, decision. As a result, the Court finds that Petitioner is not entitled to relief on Ground One of the petition.

B. Ground Two

In Ground Two of his petition, Petitioner argues that the Board erred because it went beyond the guidelines and relied on false information from an uncharged crime. In this ground, Petitioner attempts to attack the validity of his underlying 1994 conviction for robbery in the first degree.[3] That conviction is the so-called "uncharged crime" to which Petitioner refers. This attack is legally frivolous because Petitioner may not attack the validity of his underlying conviction through an attack on the Board's decision.

Furthermore, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is entitled to protection. Id. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672. Additionally, the Missouri parole guidelines are not mandatory. See 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary

---

[3] Petitioner was previously denied federal habeas relief regarding this conviction. Campbell v. Rowley, 4:99CV1475 CEJ (E.D. Mo. July 31, 2002).

range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length.  Mitigating or aggravating circumstances may warrant decisions outside the guidelines.").  Thus, the parole guidelines do not create a constitutionally protected liberty interest, and Petitioner is not entitled to relief on Ground Two of the petition.

Finally, Petitioner challenges the fact that one of the parole officers involved in his case was convicted of child molestation.  This is completely irrelevant to the grounds for relief raised in the petition.

## Conclusion

Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because it is barred by the statute of limitations.  Even if it were not time-barred, Petitioner is not entitled to relief as the enumerated grounds for relief are legally frivolous, and Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The Court does not believe that reasonable jurists might find the Court's resolution of the issues debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel and consolidated request for evidentiary hearing [Doc. #14] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 13th day of February, 2009.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE